UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO. _____

LESLIE LAURA ALARCON CASTILLO,

     Plaintiff,

v.

MAGICAL CRUISE COMPANY, LIMITED
d/b/a Disney Cruise Line, and VANTER
CRUISE HEALTH SERVICES, INC.,

     Defendants.

_____/

## <u>SEAMAN'S COMPLAINT</u>

Plaintiff sues Defendant and alleges:

1.  Plaintiff, LESLIE LAURA ALARCON CASTILLO, is a citizen of Peru and a seaman within the meaning of 28 U.S.C. § 1916 and who is permitted to file this suit without paying the filing fee or costs.

2.  Defendant, MAGICAL CRUISE COMPANY, LIMITED. d/b/a Disney Cruise Line ("DISNEY"), is a foreign corporation incorporated in London, England which has its worldwide headquarters and principal place of business in Celebration, Florida.

3.  Defendant, VANTER CRUISE HEALTH SERVICES, INC. ("VANTER"), is a foreign corporation incorporated in the Bahamas which has its headquarters and principal place of business in Alexandria, Virginia.

**1**

4.  The Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332 because the Parties are diverse and the matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. § 1332.  In the alternative, if diversity jurisdiction does not apply, then this matter falls under the Court's admiralty jurisdiction.

5.  Defendants, at all times material hereto, personally or through an agent;

    a.  Operated, conducted, engaged in or carried on a business venture in this state and/or county or had an office or agency in this state and/or county;

    b.  Was engaged in substantial activity within this state;

    c.  Operated vessels in the waters of this state;

    d.  Committed one or more of the acts stated in Florida Statutes, Sections 48.081, 48.181 or 48.193;

    e.  The acts of Defendants set out in this Complaint occurred in whole or in part in this county and/or state.

6.  Defendants are subject to the jurisdiction of the courts of this state.

7.  The causes of action asserted in this Complaint arise under the Jones Act, 46 USC 30104, and the General Maritime Law of the United States. Notwithstanding the application of General Maritime Law and, pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a jury trial on all claims asserted herein.

LIPCON,   MARGULIES   &   WINKLEMAN,   P.A.
WWW.LIPCON.COM

## <u>PRELIMINARY ALLEGATIONS</u>

8.  At all times material hereto, Defendant DISNEY owned, operated, managed, maintained and/or controlled the vessel *Disney Magic*, and operated same under a flag of convenience.

9.  At all times material hereto, Defendant DISNEY had a non-delegable duty to provide prompt, proper and adequate medical care to its crewmembers, including the Plaintiff.  This included a non-delegable duty to provide and/or select competent and duly qualified medical personnel to treat crewmembers, including the Plaintiff.  Delegating the duty to provide the Plaintiff with prompt, proper and adequate care does not alleviate Defendant DISNEY's non-delegable duty.

10. At all times material hereto, Defendant VANTER provided health care services for the cruise line industry including Defendant DISNEY.  Defendant VANTER recruited, vetted and screened medical personnel.  Defendant VANTER provided medical management and oversight for onboard medical care, serving as a resource for onboard medical staff, and actively provided administrative support based on a team approach with shipboard management, onboard medical staff and the cruise line's shoreside operation group and management.

11. At all times material hereto, Defendant DISNEY entered into a contractual agreement with Defendant VANTER to recruit, vet, screen, oversee, collaborate and work directly with Defendant DISNEY for the provision of onboard medical services provided to passengers and crewmembers, including the Plaintiff.

3

12. At all times material hereto, Plaintiff was a member of the crew and employed as a seaman aboard Defendant DISNEY's vessel in the capacity of Beverage Server and was working in the service of the vessel.

13. At all times material hereto, the vessel was in navigable waters.

14. At all times material hereto, the Plaintiff worked and lived aboard the vessel.

15. While working aboard the *Disney Magic* Plaintiff was required to carry and transport heavy materials without use of suitable personal protective equipment, transport equipment and/or sufficient assistance, including performing these duties on uneven surfaces and/or inclines.

16. As a result of her long working hours and repetitive heavy lifting without sufficient equipment and assistance, on or about April 8, 2019, the Plaintiff began developing persistent pain in her back and right arm, wrist and fingers.

17. The Plaintiff went to the onboard medical facility several times in effort to obtain medical care for her symptoms. Plaintiff was provided with pain medication designed to mask her symptoms and sent back to work thereby aggravating and worsening her condition. Plaintiff did not receive prompt, proper or adequate medical care. Plaintiff was ultimately medically disembarked and required ongoing physical therapy.

18. As a result of this incident and due to the negligence of the Defendant, Plaintiff suffered permanent and ongoing injuries to her back, right arm, wrist and fingers.

LIPCON, MARGULIES & WINKLEMAN, P.A.
WWW.LIPCON.COM

## COUNT I – JONES ACT NEGLIGENCE
### as to Defendant DISNEY

Plaintiff re-alleges, incorporates by reference, and adopts paragraphs one (1) through eighteen (18) as though originally alleged herein.

19.  On or about April 8, 2019, the Plaintiff sustained severe pain and injuries to her back and arm while employed by DISNEY as a seaman and a member of the crew of the *Disney Magic*, which was in navigable waters.

20. Under the Jones Act, Defendant DISNEY owed the Plaintiff, its employee and member of the crew, a duty to use ordinary and reasonable care under the circumstances.

21.  It was the duty of Defendant DISNEY to provide Plaintiff with a reasonably safe place to work.

22. On or about April 8, 2019, Plaintiff was injured due to the fault and negligence of Defendant DISNEY, its agents, servants, and/or employees. Defendant DISNEY failed to use reasonable care to provide Plaintiff a reasonably safe place to work by:

   a.  Failing to provide Plaintiff with safe workplace and means to work including, but not limited to:

   1.  Failing to provide proper crew and/or device(s), including adequate trolleys in condition and quantity for repetitive heavy lifting, carrying, pushing and/or pulling;

   2.  Failing to provide personal protective equipment;

L I P C O N ,   M A R G U L I E S   &   W I N K L E M A N ,   P . A .
W W W . L I P C O N . C O M

3. Failing to provide supportive footwear and/or apparel to carry out her duties as a Beverage Server;

4. Failing to provide Plaintiff with proper lifting devices and/or sufficient assistance to perform her job duties in a reasonably safe manner;

5. Failing to have adequate policies and procedures to prevent Beverage Servers from becoming injured while repeatedly lifting, carrying, pushing and/or pulling heavy objects;

6. Failing to provide Plaintiff with proper training and/or supervision with respect to repetitive heavy lifting, carrying, pushing and/or pulling;

7. Failing to warn Plaintiff of the dangers of doing repetitive heavy lifting, carrying, pushing and/or pulling;

8. Failing to provide adequate manpower to perform the work assigned to Plaintiff;

9. Creating a working environment where crewmembers are discouraged and/or unable to assist each other with duties;

10. Creating a working environment where crewmembers are rushed to complete their duties;

11. Requiring Plaintiff to continue repetitive heavy lifting, carrying, pushing and/or pulling despite Plaintiff's injury;

L I P C O N ,   M A R G U L I E S   &   W I N K L E M A N ,   P . A .
W W W . L I P C O N . C O M

12. Sending Plaintiff back to work on pain killers after Plaintiff's injury;

13. Requiring Plaintiff to work with an injury;

14. Creating a work environment where crewmembers are sent back to work before the true nature and extent of their injuries are determined;

15. Failing to warn Plaintiff of the dangers of working with an injury;

16. Failing to warn Plaintiff of the dangers of working on pain killers while injured;

17. Failing to properly diagnose and/or treat Plaintiff's injuries; and/or

18. Failing to provide Plaintiff with prompt, proper and adequate medical treatment.

b. Failing to properly train and supervise crewmembers to safely carry out their work duties;

c. Failure to provide the Plaintiff with mechanized aids commonly available in other heavy industries and at comparable land based jobs;

d. Failure to incorporate modern work methods and procedures on board the vessel on which the Plaintiff worked;

e. Failure to eliminate and/or modify the hazard(s) which caused the Plaintiff to suffer her injury;

f. Failing to promulgate and enforce reasonable rules and regulations to ensure the safety and health of the Plaintiff while engaged in the course

7

of her employment on the Defendant DISNEY's vessel;

g.  Failing to comply with the vessel's policies and procedures regarding hazardous conditions aboard the vessel in order to provide Plaintiff a reasonably safe place to work;

h.  Failing to ascertain the cause of prior similar accidents/injuries so as to take measures to prevent their re-occurrence, particularly Plaintiff's accident/injuries, in violation of the Defendant DISNEY's own ship board policies mandated by the ISM Codes' requirements;

i.  Failing to adhere to the Maritime Labour Convention, 2006 and the Code of Safe Working Practices for Merchant Seafarers with respect to safety procedures and processes;

j.  Failing to provide prompt, proper and adequate medical care to the Plaintiff when she sought medical attention for her injuries;

k.  Failing to adequately diagnose and treat the Plaintiff's injuries when she reported to the ship's medical facility with her injuries;

l.  Requiring the Plaintiff to continue working after the injury in contradiction of prompt, proper and adequate medical care; and/or

m. Failing to properly manage Plaintiff's medical care after Plaintiff was injured.

23. At all times material hereto, Defendant DISNEY negligently failed to determine the hazards Plaintiff faced, failed to eliminate those hazards, failed to

modify those hazards and failed to warn the plaintiff of the hazard. In addition, Defendant DISNEY violated the International Safety Management Code and failed to have a proper, adequate and safe Safety Management System Manual or to follow it on board the vessel on which the Plaintiff served. All of the above caused the Plaintiff to suffer her injuries and did not receive adequate care for them.

24. Defendant DISNEY knew of the foregoing conditions causing Plaintiff's injury and did not correct them, or the conditions existed for a sufficient length of time so that Defendant DISNEY in the exercise of reasonable care should have learned of them and corrected them.

25. As a result of the negligence of Defendant, DISNEY, the Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain and mental anguish, reasonable fear of developing future physical and medical problems, loss of enjoyment of life, physical disability, impairment, inconvenience in the normal pursuits and pleasures of life, feelings of economic insecurity caused by disability, disfigurement, aggravation of any previously existing conditions, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, lost wages, lost income in the past and her working ability and earning capacity have been impaired. The injuries and damages suffered by the Plaintiff are permanent and continuing in nature and Plaintiff will suffer these losses and impairments in the future. In addition, Plaintiff in the past and in the future has lost the fringe benefits that came with plaintiff's job, including but not limited to

LIPCON, MARGULIES & WINKLEMAN, P.A.
WWW.LIPCON.COM

free food, free shelter, free medical care, free uniforms, vacation pay, the ability to make extra money doing side jobs and free airline transportation to the vessel and back home each contract.

WHEREFORE, Plaintiff demands all damages entitled by law and demands jury trial of all issues so triable.

## COUNT II – UNSEAWORTHINESS
### as to Defendant DISNEY

Plaintiff re-alleges, incorporates by reference and adopts paragraphs one (1) through eighteen (18) as though they originally alleged herein.

26. On or about April 8, 2019, Plaintiff was a seaman and a member of the *Disney Magic's* crew, which was in navigable waters.

27. At all times material hereto, Defendant DISNEY owned, managed, operated and controlled the vessel *Disney Magic*.

28. Defendant DISNEY had the absolute non-delegable duty to provide Plaintiff with a seaworthy vessel on which to serve, including a competent crew.

29. The unseaworthiness of Defendant DISNEY's vessel was a legal cause of injury and damage to the Plaintiff by reason of the following:

   a. The vessel was not reasonably fit for its intended purpose due to the conditions created by Defendant as follows:

   1. Failing to provide proper crew and/or device(s), including adequate trolleys in condition and quantity for repetitive heavy lifting, carrying, pushing and/or pulling;

2.  Failing to provide personal protective equipment;

3.  Failing to provide supportive footwear and/or apparel to carry out Plaintiff's duties as a Beverage Server;

4.  Failing to have adequate policies and procedures to prevent Beverage Servers from becoming injured while repeatedly lifting, carrying, pushing and/or pulling heavy objects;

5.  Failing to provide Plaintiff with proper training and/or supervision with respect to repetitive heavy lifting, carrying, pushing and/or pulling;

6.  Failing to warn the Plaintiff of the dangers of repetitive heavy lifting, carrying, pushing and/or pulling;

7.  Failing to provide adequate manpower to perform the work assigned to Plaintiff;

8.  Creating a working environment where crewmembers are discouraged and/or unable to assist each other with duties;

9.  Creating a working environment where crewmembers are rushed to complete their duties;

10. Requiring Plaintiff to continue repetitive heavy lifting, carrying, pushing and/or pulling duties, despite her injury;

11. Sending Plaintiff back to work on pain killers after her injury;

12. Requiring Plaintiff to work while injured;

13. Creating a work environment where crewmembers are encouraged to return to work while injured;

14. Failing to warn Plaintiff of the dangers of working while injured;

15. Failing to warn Plaintiff of the dangers of working on pain killers while injured;

16. Failing to properly diagnose and/or treat Plaintiff's injuries; and/or

17. Failing to provide Plaintiff with prompt, proper, and adequate medical treatment.

b.  The vessel's crew, including Plaintiff's supervisors and Defendant DISNEY's shipboard doctors, were not properly trained, instructed and/or supervised;

c.  Defendant created an unsafe working environment;

d.  The vessel did not have a fit crew;

e.  The vessel failed to provide Plaintiff with a safe working environment free of physical threats and/or dangerous conditions;

f.  The vessel's medical personnel were not properly trained, monitored and/or supervised to promptly, properly and adequately diagnose and treat Plaintiff's injury when she presented to the vessel's medical center and as she continued to complain her condition became aggravated;

g.  The vessel's medical personnel were not properly trained, monitored and/or supervised to provide Plaintiff with prompt, proper, and adequate

LIPCON, MARGULIES & WINKLEMAN, P.A.
WWW.LIPCON.COM

medical care when she sought medical attention for her injuries;

h. The vessel failed to carry and utilize competent, skilled and properly trained medical care providers on board and shoreside to provide Plaintiff with prompt, proper and adequate medical care;

i. The vessel failed to carry and utilize proper and adequate medical equipment with respect to treating Plaintiff's condition;

j. The vessel failed to carry and utilize properly trained medical providers to medically manage Plaintiff's medical care after she was injured;

k. The vessel failed to carry and utilize properly trained medical providers to provide Plaintiff prompt, proper and adequate medical care, which aggravated her injuries and caused her additional pain and disability; and/or

l. The creation of an environment onboard where the crew and Plaintiff were overworked to the point of being so exhausted that they were not physically fit to carry out their duties.

30. As a result of the unseaworthiness of the vessel *Disney Magic*, the Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain and suffering, mental anguish, reasonable fear of developing future physical and medical problems, loss of enjoyment of life, physical disability, impairment, inconvenience in the normal pursuits and pleasures of life, feelings of economic insecurity caused by disability, disfigurement, aggravation of any previously

existing conditions, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, lost wages, lost income in the past and plaintiff's working ability and earning capacity have been impaired.  These injuries and damages are permanent or continuing in nature and Plaintiff will suffer these losses and impairments in the future.  In addition, Plaintiff in the past and in the future has lost the fringe benefits that come with Plaintiff's job, including but not limited to free food, free shelter, free medical care, free uniforms, vacation pay, the ability to make extra money doing side jobs and free airline transportation to the vessel and back home each contract.

WHEREFORE, Plaintiff demands all damages entitled by law and demands jury trial of all issues so triable.

### COUNT III – FAILURE TO PROVIDE MAINTENANCE  & CURE
### as to Defendant DISNEY

Plaintiff re-alleges, incorporates by reference, and adopts paragraphs one (1) through eighteen (18) as though originally alleged herein.

31.  On or about April 8, 2019, the Plaintiff suffered injuries while in the service of the Defendant DISNEY's vessel, *Disney Magic*, which was in navigation.

32. Under the General Maritime Law, Plaintiff, as a seaman, is entitled to recover maintenance and cure from Defendant DISNEY until declared to have reached maximum medical improvement ("MMI") or maximum medical cure ("MMC").  This includes unearned wages (regular wages, overtime and vacation pay), which were reasonably anticipated to the end of the contract or voyage

whichever is longer.

33. Defendant DISNEY willfully and callously delayed, failed and/or refused to pay Plaintiff's entire maintenance and refused to provide the Plaintiff the level of cure that the Plaintiff needs so that Plaintiff has become obligated to pay the undersigned a reasonable attorney's fee.

34. An MMI or MMC declaration must be unequivocal and, if not, any doubts or controversy regarding whether or not the seaman is at MMI or MMC must be resolved in favor of the seaman.

35. Defendant DISNEY's failure to pay Plaintiff's entire maintenance and cure is willful, arbitrary, capricious, in violation of the law and in callous disregard for Plaintiff's right as a seaman.  As such, Plaintiff would be entitled to attorney's fee under the General Maritime Law of the United States.  Furthermore, Defendant DISNEY's unreasonable failure to pay or provide Plaintiff with maintenance and cure aggravated her condition and caused her to suffer additional compensatory damages including, but not limited to, the aggravation of her physical condition, disability, pain and suffering, reasonable fear of developing future physical and medical problems, mental anguish, loss of enjoyment of life, feelings of economic insecurity, lost earnings and earning capacity, and medical and hospital expenses in the past and into the future.

LIPCON, MARGULIES & WINKLEMAN, P.A.
WWW.LIPCON.COM

WHEREFORE, Plaintiff demands all damages entitled by law, attorneys' fees and demands jury trial of all issues so triable.

### COUNT IV – FAILURE TO TREAT
### as to Defendant DISNEY

Plaintiff re-alleges, adopts and incorporates by references paragraphs one (1) through eighteen (18) as though originally alleged herein.

36. On or about April 8, 2019, Plaintiff was employed by Defendant DISNEY as a seaman and was a member of the *Disney Magic*'s crew.  The vessel was in navigable waters.

37. It was the duty of Defendant DISNEY to provide Plaintiff with prompt, proper and adequate medical care when she presented for treatment.

38. Defendant DISNEY, through the ship's physicians and/or nurses, negligently failed to provide Plaintiff with prompt, proper, adequate and complete medical care.  This conduct includes, but is not limited to:

   a. Defendant not providing Plaintiff with prompt, proper and/or adequate medical care after she reported her injury to the ship's doctor and/or nurse seeking treatment for her condition;

   b. Defendant not properly diagnosing Plaintiff's injury;

   c. Defendant sending Plaintiff back to work after she reported her condition without adequately determining the risks to the Plaintiff's health that sending her back to work would subject her to; and/or

   d. Defendant manipulating and directing Plaintiff's medical care both

shipboard and shore side in such a way as to minimize their expense and enable them to delay and/or deny the Plaintiff medical care that would improve and/or cure her condition.

39. As a direct and proximate result of Defendant DISNEY's failure, Plaintiff suffered additional pain, disability and Plaintiff's recovery was prolonged.   In addition, the Plaintiff was injured about plaintiff's body and extremities, suffered physical pain and suffering, mental anguish, reasonable fear of developing future physical and medical problems, loss of enjoyment of life, physical disability, impairment, inconvenience in the normal pursuits and pleasures of life, feelings of economic insecurity caused by disability, disfigurement, aggravation of any previously existing conditions, incurred additional medical expenses in the care and treatment of plaintiff's injuries, suffered physical handicap, lost wages, income lost in the past, and Plaintiff's working ability and earning capacity have been impaired.  These injuries and damages are permanent or continuing in nature and Plaintiff will suffer these losses and impairments in the future.

40. This Count is alleged separately from Jones Act Negligence pursuant to *Joyce v. Atlantic Richfield Company*, 651 F. 2d 676 (10th Cir. 1981) which states, in part, "Negligent failure to provide prompt medical attention to a seriously injured seaman gives rise to a separate claim for relief [for which separate damages are awardable]."

## COUNT V – NEGLIGENCE
### as to Defendant VANTER

Plaintiff re-alleges, adopts, and incorporates by references paragraphs one (1) through eighteen (18) as though originally alleged herein.

41.   At all times material hereto, Defendant VANTER provided health care services for the cruise line industry including Defendant DISNEY.  Defendant VANTER recruited, vetted and screened medical personnel; provided medical management and oversight for onboard medical care, serving as a resource for onboard medical staff, and actively provide administrative support based on a team approach with shipboard management, onboard medical staff and the cruise line's shoreside operation group and management.

42.   At all times material hereto, Defendant VANTER had the ability to control and monitor each and every step taken by the shipboard medical personnel working aboard the *Disney Magic* via telephone, videoconference, Skype or otherwise.  This technology is generally referred to as "Face to Face Telemedicine." Such modern means of communication make the location of the cruise ship effectively irrelevant and allows Defendant VANTER to directly control and/or participate in the medical care on the ship.

43.   At all times material hereto, Defendant VANTER had control and/or the right to control and/or participate in the provision of medical care and treatment

LIPCON, MARGULIES & WINKLEMAN, P.A.
WWW.LIPCON.COM

of crewmembers aboard the *Disney Magic*.  Defendant VANTER exercised such control, right of control and/or participated in the medical care in many different ways, including but not limited to the following:

    a.  Setting the standards, criteria and procedures for selecting and hiring said personnel;

    b.  Credentialing, evaluating, training and coaching shipboard medical personnel;

    c.  Acting as a resource to the shipboard medical personnel and providing guidance and instruction;

    d.  Establishing, adopting and enforcing rules, regulations and protocols for the treatment of patients in the medical center;

    e.  Establishing and enforcing the terms of employment for such personnel;

    f.  Providing administrative support to the shipboard medical personnel;

    g.  Providing support as a part of a team approach with the onboard medical staff and the cruise line's shoreside operation group and management;

    h.  Through the use of its shoreside medical department, which is staffed with various doctors and other medical personnel, that can communicate with its ships literally anywhere in the world electronically;

    i.  By entering into contracts with various land-based hospitals to provide medical expertise and requiring shipboard medical personnel to utilize such services in the treatment of passengers and crew in specified

situations;

j.  Using electronic technology, including video-conferencing and tele-medicine, with its shoreside offices, Medical Director and Associate Medical Director to control the treatment provided;

k.  Providing formulary management, including the review and evaluation of ship's formulary for appropriate medications;

l.  Providing equipment management, including the review of medical equipment for appropriateness and making recommendations for new equipment purchases;

m. Providing quality assurance in conjunction with ISM, SMS and in adherence to CLIA and ACEP guidelines;

n.  Establish and audit medical practice guidelines;

o.  Providing quality control of medical care through case record audits and incident report review;

p.  Providing risk management and safety support through tracking of guest and crew incidents and medical care;

q.  Supporting and providing resources for cruise line's Risk Management and Safety Departments;

r.  Working closely with shipboard Safety Teams on issues such as injury prevention;

s.  Management of guest and crewmember medical records.

44. It was the duty of Defendant VANTER to provide Plaintiff with reasonable care under the circumstances.

45. On or about April 8, 2019, Plaintiff was injured due to the fault and negligence of Defendant VANTER, its agents, servants, employees and/or shipboard medical personnel.  Defendant VANTER failed to use reasonable care under the circumstances by:

a. Failing to provide the Plaintiff with prompt proper and/or adequate medical care after she reported her injury to the ship's doctor and/or nurse seeking treatment for her condition;

b. Failing to adequately diagnose and/or treat Plaintiff's injury;

c. Sending Plaintiff back to work after she reported her condition without adequately determining the risks to the Plaintiff's health that sending her back to work would subject her to;

d. Failing to warn Plaintiff of the dangers of working with an injury;

e. Failing to warn Plaintiff of the dangers of working on pain killers while injured;

f. Failing to properly manage Plaintiff's medical care after Plaintiff was injured;

g. Manipulating and directing Plaintiff's medical in such a way as to minimize expense and enable Defendants to delay and/or deny the Plaintiff medical care that would improve and/or cure her condition;

L I P C O N ,   M A R G U L I E S   &   W I N K L E M A N ,   P . A .
W W W . L I P C O N . C O M

h.  Failing to properly train, monitor and/or supervise shipboard medical providers and the shipboard medical center to promptly, properly and adequately diagnose and treat Plaintiff's injury when she presented to the vessel's medical center and as she continued to complain her condition became aggravated;

i.  Failing to implement and enforce standards and criteria for selecting, vetting, screening, recommending and/or hiring shipboard medical personnel;

j.  Failing to establish and enforce rules, regulations and protocols for the treatment of crewmembers in the medical center;

k.  Failing to establish and enforce rules, regulations and protocols for the treatment of crewmembers so that they received prompt, proper and adequate medical care;

l.  Failing to provide administrative support to the shipboard medical personnel so that crewmembers received prompt, proper and adequate medical care;

m. Failing to provide quality assurance so that crewmembers received prompt, proper and adequate medical care;

n.  Failing to act as and/or provide resources to the shipboard medical personnel so that crewmembers received prompt, proper and adequate medical care; and/or

L I P C O N ,   M A R G U L I E S   &   W I N K L E M A N ,   P . A .
W W W . L I P C O N . C O M

o. Failing to provide adequate and sufficient risk management and safety support to the cruise line and its Risk Management and Safety Departments to prevent injury to crewmembers.

46. Defendant VANTER knew of the foregoing conditions causing Plaintiff's injury and did not correct them, or the conditions existed for a sufficient length of time so that Defendant VANTER in the exercise of reasonable care should have learned of them and corrected them.

47. As a result of the negligence of Defendant VANTER the Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain and mental anguish, reasonable fear of developing future physical and medical problems, loss of enjoyment of life, physical disability, impairment, inconvenience in the normal pursuits and pleasures of life, feelings of economic insecurity caused by disability, disfigurement, aggravation of any previously existing conditions, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, lost wages, lost income in the past and her working ability and earning capacity have been impaired.  The injuries and damages suffered by the Plaintiff are permanent and continuing in nature and Plaintiff will suffer these losses and impairments in the future.  In addition, Plaintiff in the past and in the future has lost the fringe benefits that came with Plaintiff's job, including but not limited to free food, free shelter, free medical care, free uniforms, vacation pay, the ability to make extra money doing side jobs and free airline transportation to the vessel and

Lipcon,  Margulies  &  Winkleman,  P.A.
www.lipcon.com

back home each contract.

WHEREFORE, Plaintiff demands all damages entitled by law and demands jury trial of all issues so triable.

Dated: March 9, 2022

LIPCON, MARGULIES
& WINKLEMAN, P.A.
*Attorneys for Plaintiff*
One Biscayne Tower, Suite 1776
2 S. Biscayne Boulevard
Miami, Florida 33131
Telephone No.: (305) 373-3016
Facsimile No.: (305) 373-6204

By: */s/ Carol L. Finklehoffe*
**CAROL L. FINKLEHOFFE**
Florida Bar No. 15903
cfinklehoffe@lipcon.com
**MICHAEL A. WINKLEMAN**
Florida Bar No. 36719
mwinkleman@lipcon.com